[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11544
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cv-01825-KOB

ORLANDO V. WILLIAMS,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF INDUSTRIAL RELATIONS,
THOMAS SURTEES,
Director of Industrial Relations,
STEPHEN MCCORMICK,
Officer of the Board of Appeals,

Defendants-Appellees,

WALTER S. TRAWICK,
Administrative Hearing Officer,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 10, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Orlando V. Williams, a pro se plaintiff, worked for the Alabama Department

of Corrections ("ADOC") until he resigned in 2011.  After he left the ADOC, he

filed for unemployment compensation and was denied.  Williams says he was the

target of discrimination and retaliation by the Alabama Department of Industrial

Relations, which oversaw his application for unemployment compensation.  He

sued the Alabama Department of Labor ("ADOL") [1] under the Rehabilitation Act,

29 U.S.C. § 794, alleging disability discrimination and retaliation, and 42 U.S.C.

§ 1983, alleging retaliation in violation of the First Amendment.  Williams also

named as defendants Thomas Surtees, the director of the ADOL, and Stephen

McCormick, an officer of the ADOL's Board of Appeals.[2]  The district court

---

[1] The named party in this suit is the Alabama Department of Industrial Relations.  In 2012, the Alabama Department of Industrial Relations merged with the Alabama Department of Labor ("ADOL").  The newly combined entity retained the name Alabama Department of Labor. For clarity, this opinion refers to the ADOL when discussing this defendant.

[2] Williams also named Stephen Trawick, an Administrative Hearing Officer for the ADOL, as a defendant.  The district court dismissed the claims against Trawick as redundant because Williams had named the ADOL, an entity suable under the Rehabilitation Act, as a defendant.  Williams does not appeal the dismissal of Trawick.

2

dismissed Williams's disability discrimination claim under the Rehabilitation Act for failure to state a claim, and granted summary judgment in favor of the defendants on his retaliation claims under the Rehabilitation Act and the First Amendment. Williams appeals these and a number of related orders. After careful review, we affirm.

I.

In his third amended complaint, Williams alleged he was disabled within the meaning of the Rehabilitation Act. He claimed that after participating in a recorded phone interview with the ADOL about his unemployment compensation on October 25, 2011, he received a decision stating he was disqualified from receiving unemployment benefits. Williams appealed the decision to the ADOL's Board of Appeals ("Board") on November 1, 2011. He also filed a complaint with the Civil Rights Center ("CRC") of the U. S. Department of Labor, alleging the defendants discriminated against him because of his disability. The CRC closed his complaint without prejudice on November 9, 2011. On November 18, 2011, the Board denied Williams's application for leave to appeal the ADOL's decision. The denial did not include any explanation or written findings.

Based on these events, Williams alleged the ADOL discriminated against him because of his disability in violation of the Rehabilitation Act ("Count I"). He also asserted the ADOL retaliated against him, also in violation of the

3

Rehabilitation Act ("Count II").  Specifically, Williams alleged he engaged in a protected activity when he filed his CRC complaint, and that the ADOL retaliated against him by denying him leave to appeal to the Board on November 18, 2011.  Finally, Williams sued Surtees and McCormick in their official capacities under § 1983, alleging they had retaliated against him in violation of the First Amendment ("Count III").  Again, he said he engaged in protected expression when he filed his CRC complaint.  He argued Surtees and McCormick retaliated against him by denying him leave to appeal the ADOL's decision without providing any written findings.  Williams sought damages for Counts I and II, and a permanent injunction preventing Surtees, McCormick, and their employees and successors from violating § 1983 for Count III.

The defendants moved to dismiss the complaint in January 2014.  On May 12, 2014, the district court granted the motion in part.  As to Count I (the disability discrimination claim), the court found Williams failed to: (1) identify or describe his disability; and (2) plead facts to show he was otherwise qualified to receive unemployment benefits.  Thus, it dismissed Count I without prejudice and instructed Williams to file an amended Count I.

Two days later, Williams filed his fourth amended complaint.  This time, he attempted to bolster his factual allegation that he was disabled.  He also tried to show he was otherwise qualified for unemployment benefits by alleging (1) he had

faced disciplinary action for failure to report for work at all when he merely arrived late; and (2) he resigned involuntarily from the ADOC on September 16, 2011 because the ADOC lacked good cause to believe that grounds for termination existed. However, even with these amendments, the district court again found Williams failed to plead the required facts for Count I. During a July 8, 2014 scheduling conference, the district court informed Williams of what he needed to do to fix the problems in his complaint and warned him that not doing so could result in dismissal of Count I with prejudice.

Later that same day, Williams filed an amendment to Count I alleging essentially the same facts as before. He added that his disability "substantially impair[ed] various major life activities," and attached a psychiatric evaluation that showed a licensed psychologist had diagnosed him with post-traumatic stress disorder ("PTSD"). In the evaluation, the psychologist noted that Williams said he had difficulty sleeping.

The defendants moved to dismiss Williams's amended Count I for failure to state a claim. Williams responded that he had sufficiently alleged a disability by providing a psychological evaluation that referenced his difficulty sleeping. He also repeated his earlier statements about his involuntary resignation from his ADOC position.

5

The district court granted the defendants' motion to dismiss on August 19, 2014, finding Williams failed to address the deficiencies it described in its dismissal of his earlier complaint. The court noted it had already given him several opportunities to fix the complaint and found that granting additional leave to amend would prejudice the defendants.

In November 2014, Williams filed a Rule 60(b) motion asking the district court to grant relief from the order dismissing Count I. He said he had properly identified and described his disability. He also attached a Social Security decision finding that as of May 29, 2013, he was disabled because of PTSD and depression.

The district court construed this motion as a motion to alter the judgment under Federal Rule of Civil Procedure Rule 59(e), and denied the motion. It explained that even though the Social Security decision described a disability, Williams still did not offer any allegation demonstrating he was otherwise eligible for unemployment benefits.

Then, in March 2015, Williams and the defendants each moved for summary judgment on Counts II and III. One of the defendants' arguments was that Williams failed to present sufficient evidence that his protected activity (filing the CRC complaint) was causally connected to any adverse action. To support this argument, the defendants submitted declarations from McCormick, Surtees, and Douglas Moore, the chairman of the Board. All three men said they were not

aware that Williams had filed a complaint with the CRC at the time the Board denied Williams leave to appeal the ADOL's decision.  McCormick also explained that the ADOL is an Alabama state agency, and is therefore wholly separate from the CRC (which is part of the federal Department of Labor).  In addition, the defendants submitted Williams's deposition testimony.  At his deposition, Williams said he didn't know if he had any evidence that the ADOL was aware of his CRC complaint before the Board denied him leave to appeal the ADOL's decision.  But he said he was "pretty sure" the ADOL knew because the ADOL "line[d] up under" the U.S. Department of Labor.  He further stated he was "pretty sure" someone at the CRC called the ADOL about his CRC complaint, but explained that no one had ever notified him of any such phone call and that it was "just [his] theory."

The district court denied Williams's motion and granted summary judgment in favor of the defendants.  For Count II, the district court found that Williams failed to establish a prima facie case of retaliation in violation of the Rehabilitation Act because (1) Williams did not establish that he suffered an adverse action; and (2) in any event, he failed to present sufficient evidence of a causal link between his CRC complaint and the Board's decision to deny him leave to appeal the ADOL's determination without written findings.  For Count III, the court found

7

Williams did not have standing to seek injunctive relief against Surtees and McCormick. It also noted Count III would fail for the same reasons as Count II.

## II.

On appeal, Williams first argues the district court erred in dismissing his disability discrimination claim in his amended Count I. He says he adequately alleged he was otherwise qualified to receive unemployment benefits. We review de novo a dismissal of a complaint for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010). Pro se pleadings are held to a less stringent standard than those drafted by attorneys, and are therefore liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). To avoid dismissal, a complaint must allege enough facts to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2009). Thus, a plaintiff must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A recital of

8

the elements of a cause of action, supported only by conclusory statements, is not enough to adequately plead a claim.  Id. at 678, 129 S. Ct. at 1949.

The Rehabilitation Act prohibits a program that receives federal funding from denying benefits to an otherwise qualified disabled individual solely because of his disability.  29 U.S.C. § 794(a).  In order to establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must demonstrate that he (1) is disabled; (2) is a qualified individual; and (3) was subjected to unlawful discrimination because of his disability.  Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000).  When a plaintiff alleges he was denied services because of his disability, he can be a qualified individual only if he "meets the essential eligibility requirements for the receipt of such services."  34 C.F.R. § 104.3(l)(4).

The district court did not err in dismissing Williams's amended Count I for failure to state a claim.  Williams did not offer enough facts to state a plausible claim that he was qualified to receive unemployment benefits from the ADOL. Instead, he alleged only that his resignation from his job at the ADOC was not voluntary.  He never claimed he met any eligibility requirements for the unemployment benefits—indeed, he never even said what those requirements were.  Thus, his complaint did not contain enough facts to allow the district court to draw an inference that he was entitled to unemployment benefits.  See Ashcroft,

9

556 U.S. at 678, 129 S. Ct. at 1949. As a result, Williams failed to allege a prima facie case of disability discrimination under the Rehabilitation Act.

Relatedly, Williams argues the district court erred in construing his Rule 60(b) motion—which challenged the district court's dismissal of his amended Count I—as a Rule 59(e) motion. Rule 59(e) allows a district court to alter or amend a judgment when there is newly discovered evidence or manifest errors of law or fact. Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). Similarly, Rule 60(b) allows a district court to relieve a party from a judgment if there is (among other things) a mistake, excusable neglect, or newly discovered evidence. See Fed. R. Civ. P. 60(b).

Even assuming the district court erred in construing his Rule 60(b) motion as a Rule 59(e) motion, Williams cannot show he was harmed by this error. In his motion, Williams challenged the district court's dismissal on the grounds that the court made a mistake. However, he failed to provide any specific reason or argument to challenge the district court's finding that his complaint did not adequately allege he was eligible for unemployment benefits. By neglecting to address the district court's eligibility finding, Williams failed to show that the district court made a mistake when it dismissed his complaint. Whether construed as a Rule 59(e) or a Rule 60(b) motion, the result is the same. Thus, any error by the district court was harmless.

10

III.

Williams also argues the district erred in granting summary judgment to the defendants on his retaliation claims under the Rehabilitation Act (Count II) and the First Amendment (Count III).  He says he provided enough evidence that (1) he suffered an adverse action; and (2) the adverse action was causally connected to his protected expression.  He contends that he actually suffered two adverse actions: he was denied leave to appeal the ADOL's decision (1) without receiving any written findings; and (2) without any consideration of a doctor's certificate describing his illness.[3]

We review <u>de novo</u> a district court's summary judgment determination, viewing all the evidence in the light most favorable to the nonmoving party.  <u>Ellis v. England</u>, 432 F.3d 1321, 1325 (11th Cir. 2005) (per curiam).  Summary judgment is appropriate where there is no genuine issue of material fact.  <u>Id.</u>  A fact is "material" if it "might affect the outcome of the suit," and an issue of fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.

---

[3] Further, although Williams alleged in his complaint that his protected expression was his CRC complaint, he appears to assert on appeal that his protected expression was actually his request for leave to appeal the ADOL's denial.  However, the first time he raised this claim was in response to the defendants' motion for summary judgment, and we have held that plaintiffs may not raise new theories of relief for the first time at that stage.  <u>Gilmour v. Gates, McDonald and Co.</u>, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam).  For that reason, we do not consider Williams's argument that his request for leave to appeal the ADOL's initial decision also constituted protected expression.

Ct. 2505, 2510 (1986). Thus, we will grant summary judgment only if no reasonable jury could find for the nonmoving party. Id. at 252, 106 S. Ct. at 2512.

The Rehabilitation Act incorporates the anti-retaliation provision of the Americans with Disabilities Act ("ADA"). 29 U.S.C. §§ 794(a), (d); 42 U.S.C. § 12203(a). As a result, a prima facie case for retaliation under the Rehabilitation Act is the same as one under the ADA. See Holbrook v. City of Alpharetta, 112 F.3d 1522, 1526 n.2 (11th Cir. 1997). To establish a prima facie case of retaliation under the ADA (and thus the Rehabilitation Act), a plaintiff must show: (1) he participated in a statutorily protected activity or expression; (2) he suffered an adverse action; and (3) there was a causal link between the adverse action and the protected activity or expression. See Higdon v. Jackson, 393 F.3d 1211, 1219 (11th Cir. 2004). "We construe the causal link element broadly so that a plaintiff merely has to prove that the protected activity and the adverse action are not completely unrelated." Id. at 1220 (quotation omitted and alterations adopted). A plaintiff satisfies this element (for the purposes of making a prima facie case) if he provides evidence that (1) the defendant was aware of his protected expression or activity; and (2) there was a "close temporal proximity" between this awareness and the adverse action. Id. (quotation omitted)

Here, Williams failed to establish a prima facie case of retaliation under the Rehabilitation Act because he did not present enough evidence to defeat summary

12

judgment on the causal link element.  Williams alleged that he engaged in protected activity when he filed his CRC complaint.  However, he did not provide enough evidence to suggest that anyone at the ADOL knew about his CRC complaint before the Board denied him leave to appeal without considering a doctor's certificate or issuing written findings.  In their declarations, Surtees (the director of ADOL), McCormick (an officer of the Board), and Moore (the chairman of the Board) all stated they were not aware of Williams's CRC complaint before the Board denied him leave to appeal.  McCormick also explained that the ADOL was wholly separate from the federal U.S. Department of Labor (and its subsidiary CRC) because the ADOL is a state agency.  Williams did not present any evidence to support his assertion that someone at the ADOL knew about his CRC complaint.  Instead, he testified that he didn't know if he had such evidence, but that he was "pretty sure" the ADOL was aware of his CRC complaint.  On this record, no reasonable jury could find anyone at the ADOL was aware of Williams's CRC complaint before the Board denied his request for leave to appeal.  See Anderson, 477 U.S. at 252, 106 S. Ct. at 2512.  Thus, Williams did not present enough evidence to satisfy the causal link element of his Rehabilitation Act retaliation claim (Count II) on summary judgment.  See Higdon, 393 F.3d at 1220.

Further, Williams has abandoned any challenge of the district court's grant of summary judgment on his First Amendment retaliation claim (Count III). The district court granted summary judgment on Count III on two alternative grounds: (1) Williams lacked standing to seek injunctive relief; and (2) as in Count II, he failed to establish a prima facie case of retaliation. On appeal, Williams does not challenge the district court's standing determination. When a district court bases its judgment on multiple independent grounds, an appellant who fails to challenge one of those grounds is "deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). As a result, we affirm the district court's summary judgment order.

## IV.

Williams's next argument is that the district court abused its discretion when it denied his motion for sanctions under Federal Rule of Civil Procedure 37. Williams filed the motion in March 2014, while the defendants' motion to dismiss was pending. In it, he claimed the defendants had repeatedly failed to comply with discovery requests he made in February 2014. He requested a default judgment. The district court denied the motion. As part of its analysis, the court construed Williams's motion as under Rule 37(b). After noting that Rule 37(b) applies only when a party fails to obey "an order to provide or permit discovery," the district

14

court concluded Williams could not seek sanctions because the court had not previously entered any discovery order.

On appeal, Williams says the district court erred in denying his sanctions motion because he did not need a court order to pursue sanctions under Rule 37(c). He also points to a July 2014 scheduling order mandating that failure to respond to a discovery motion within three days of receiving notice would result in an automatic grant of that motion. He argues the defendants waived any defense to his sanctions motion because they did not respond to it within three days, so the district court should not have denied the motion. We review a district court's Rule 37 sanctions ruling for an abuse of discretion. BankAtlantic v. Blythe Eastman Pain Webber, Inc., 12 F.3d 1045, 1048 (11th Cir. 1994).

The district court did not abuse its discretion here. First, although Williams correctly notes that Rule 37(c)(1) provides for a self-executing sanction (one that does not require a court order), that particular sanction prevents the sanctioned party from relying on evidence it failed to disclose. See Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment. Williams requested a default judgment against the defendants, which is not a self-executing sanction under any provision of Rule 37. Thus, the district court correctly ruled that Williams could not seek sanctions under that rule without a discovery order. Second, the scheduling order on which Williams relies was issued in July 2014, more than a

month after the district court denied his sanctions motion in May 2014.  Thus, the defendants did not waive any defense to his motion by failing to respond to it within three days.

V.

Williams also appeals the district court's denial of his self-styled motion under Federal Rule of Civil Procedure 26(a).  On February 19, 2015, after the district court extended the discovery and dispositive motion deadlines to February 23 and March 12, respectively, Williams filed an "Amended Motion for Rule 26(a)" requesting production of various documents from the defendants.  On appeal, Williams says that instead of denying his motion, the district court should have extended the discovery deadline in order to allow him to conduct additional discovery.  We review the district court's discovery ruling for an abuse of discretion.  Benson v. Tocco, Inc., 113 F.3d 1203, 1208 (11th Cir. 1997).

The district court did not abuse its discretion in denying Williams's motion.  In Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274 (11th Cir. 2003), we affirmed the denial of a plaintiff's request for additional discovery because (1) the district court had already provided "ample opportunity" for discovery, including an extension for additional discovery; and (2) the plaintiff made no showing that the district court's denial harmed the plaintiff's case.  Id. at 1286–87.  Like the plaintiff in Iraola, Williams has had "ample" time (more than seven

16

months) to conduct discovery, including a one-month extension to the original discovery deadline.  In any event, Williams has not made any showing that the district court's discovery order harmed his case.  Therefore, we affirm.

VI.

Next, Williams argues the district court erred in denying his Rule 56(d) motion to defer ruling on the defendants' summary judgment motion, and says the court granted summary judgment to the defendants before he was allowed to complete discovery.  He also appears to challenge the denial of his April 2015 motion to compel more complete responses to his discovery motions.  The district court issued an order denying both of Williams's motions on April 7, 2015.  , it denied his motion to compel because his request was too late.  Second, it denied his Rule 56(d) motion because he had the entire discovery period plus an additional month to seek the discovery he needed, but failed to do so.[4]  We review both of these denials for abuse of discretion.  World Holdings, LLC v. Fed. Republic of Ger., 701 F.3d 641, 649 (11th Cir 2012); Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006).

The district court did not abuse its discretion in denying either motion.  As an initial matter, Williams's assertion that the district court granted summary

---

[4] In his Rule 56(d) motion, Williams also made an alternative request for an additional 14 days to respond to the defendants' summary judgment motion.  The district court granted this extension.

judgment to the defendants before the completion of discovery is contradicted by the record. The court's discovery deadline was February 23, 2015, and the defendants did not even file their summary judgment motion until March 12, 2015. As to his motion to compel, Williams says the defendants waived any defense to that motion because they failed to respond to it within three days, as required by the July 2014 scheduling order. However, that section of the scheduling order applied only to discovery disputes, and discovery closed on February 23, 2015— more than a month before Williams filed his motion to compel. Thus, Williams's sole argument regarding the denial of his motion to compel fails.

As to Williams's Rule 56(d) motion, we have affirmed denials of such motions where the movant "had ample time and opportunity for discovery, yet failed to diligently pursue his options." Barfield v. Brierton, 883 F.2d 923, 932 (11th Cir. 1989). In this case, Williams had over seven months to complete discovery, including a one-month extension, but failed to seek the discovery he needed. Further, the district court granted his alternative request for an additional 14 days to respond to the defendants' summary judgment motion. For these reasons, the district court did not abuse its discretion in denying Williams's Rule 56(d) motion.

18

VII.

Finally, Williams argues the district court erred when it denied his motion to amend his complaint under Federal Rule of Civil Procedure 15(a).  We review such denials for abuse of discretion.  Covenant Christian Ministries, Inc. v. City of Marietta, 654 F.3d 1231, 1239 (11th Cir. 2011).  Williams filed his motion to amend on April 21, 2015, almost a year after the April 30, 2014 amendment deadline.  Thus, the district court determined Williams could amend his complaint (under Rule 15(a)(2)) only with written consent from the opposing party or leave from the court.  Although Rule 15(a)(2) says courts should "freely give leave when justice so requires," a district court should deny leave to amend when the amendment would unduly prejudice the opposing party or be futile.  See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  Here, the district court found the defendants would have been prejudiced by an amendment because the case had progressed to the dispositive motion stage and discovery had long been completed. It also found Williams failed to provide a clear explanation for why he needed to amend his complaint.  The court denied Williams's motion for these two reasons, and Williams challenges neither on appeal.  He merely cites to his response in opposition to the defendants' motion for summary judgment, and provides no reason for why he needed to amend his complaint.  As a result, the district court did not abuse its discretion in denying Williams's motion to amend.

**AFFIRMED.**